UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BYRON K. BREASTON, | ) | |
| | ) | |
| plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-447 RM |
| | ) | |
| CURTIS T. HILL, in his official capacity, *et al.*, | ) | |
| | ) | |
| | ) | |
| defendants | ) | |

OPINION AND ORDER

Byron Breaston, a prisoner confined at the Miami Correctional Facility, submitted a complaint naming Elkhart Prosecutor Curtis Hill and Deputy Prosecutor Mona Biddlecome as defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

>acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Breaston brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Breaston is serving sentences for theft and escape. He alleges that the defendants improperly charged him with these crimes and that as a result he is serving time on invalid convictions. Mr. Breaston asks for injunctive relief, apparently seeking to have the court set aside his convictions, and asks for an adequate remedy at law. If the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). To conclude that Mr. Breaston was improperly convicted of theft and escape would require a finding or judgment setting aside his convictions.

"Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994), citing Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Because Mr. Breaston seeks to challenge the fact of his confinement, his only federal remedy is a petition for writ of habeas corpus. If he is able to have his convictions set aside, Mr. Breaston may then file a § 1983 action seeking damages.

For the foregoing reasons, the court DISMISSES this complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: September 14, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

3